FRED S. SLATER, Respondent, *v.* DETROIT GRAPHITE CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, June 9, 1925.

Master and servant — action for salary — resignation of servant dated March thirty-first and effective May first, accepted by master on date thereof, on learning servant was negotiating with competitor — conduct of servant constituted breach of loyalty — revocation of letter agreeing to pay servant's salary to May first precludes recovery by servant of salary for April.

A servant, who presented a formal resignation dated March thirty-first, to take effect May first, is not entitled to his salary for the month of April, though his employer relieved him from active duty because of ill-health and agreed to pay him his salary for said month, where it appears that during said month he negotiated with his employer's competitor, for the purpose of obtaining employment and that, on learning of said negotiations, the employer, by letter, revoked its offer as to salary and accepted the servant's resignation as of the date thereof. The conduct of the servant constituted a breach of loyalty due his employer.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff, after a trial by a judge without a jury.

*Edilitz & Hulse* [*Basil H. Pollitt* of counsel], for the appellant.

*S. F. & J. F. Katz* [*Sidney F. Katz* of counsel], for the respondent.

PER CURIAM:

Action for salary for April, 1924.

Because of discouragement brought on by illness and business reasons, plaintiff had two conferences with one of defendant's officers about his resignation, and finally wrote a formal resignation dated March thirty-first to take effect May first. This was answered by a friendly letter which accepted the resignation and said: " We will not call on you to return to the office or to represent this company from now on." The result of these letters was that plaintiff was to have had his salary paid for the month of April but was relieved from active duty. On the second and seventh of April the uncontradicted testimony is that plaintiff was seen in the offices of two different customers of defendant accompanied by a chemist employed by defendant's principal competitor and

with whom plaintiff has since formed a partnership. Plaintiff frankly admits that these calls were for the purpose of securing introductions to these concerns in the hope that he could serve them after the first of May as the New York representative of the competitor. When these facts were brought to defendant's attention a letter was written which amounts to a revocation of the prior letter and " accepts plaintiff's resignation " as of March thirty-first.

The conduct of plaintiff was a breach of loyalty (*Marshall* v. *Sackett & Wilhelms Co.*, 181 App. Div. 157) due the defendant, and the judgment must be reversed, with thirty dollars costs and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.